UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br>     v.<br>SHAWN VANELL PIPER, *et al.*,<br><br>                Defendants. | No. CR08-82RSL<br><br>ORDER DENYING DEFENDANT OFFORD'S MOTION TO SEVER |

## I. INTRODUCTION

This matter comes before the Court on "Defendant Offord's Motion for Severance and for Eave [sic] to Supplement" (Dkt. #201). Defendant contends: (1) under Fed. R. Crim P. 8 that counts 1 and 18 of the superceding indictment are misjoined and defendant is misjoined with co-defendants; and (2) under Fed. R. Crim. P. 14 that the Court should sever count 1 from 18, and sever co-defendants' gun counts (15, 16, 21-23, 27-29, 34, 38, 39) from defendant's trial on count 1. In response, the government opposes severance but proposes bifurcation of count 1 and count 18 to address "valid concerns regarding the potential for prejudice in this case if evidence of [defendant Offord's] prior felony convictions was introduced during the trial of the drug charges against Offord." See Response at 6. For the reasons set forth below, the Court denies defendant's motion.

ORDER DENYING DEFENDANT
OFFORD'S MOTION TO SEVER

## II. DISCUSSION

**A.   Joinder**

### 1.   Rule 8(a)

Rule 8 distinguishes between joinder of offenses and joinder of defendants, both of which defendant Offord opposes in his motion. Rule 8(a) governs joinder of offenses and provides for joinder "if one of three conditions is satisfied. The offenses charged must be: (1) 'of the same or similar character;' (2) 'based on the same act or transaction,' or (3) 'connected with or constit[ing] parts of a common scheme or plan.'" United States v. Jawara, 474 F.3d 565, 572 (9th Cir. 2007) (alteration in original) (quoting Fed. R. Crim. P. 8(a)). In the Ninth Circuit, "a valid basis for joinder should be discernable from the face of the indictment." Id. at 573. The superceding indictment charges defendant Offord with possession of a firearm "committed during and in furtherance of the conspiracy charged in Count 1." See Dkt. #138 at 7; cf. United States v. Terry, 911 F.2d 272, 276 (9th Cir. 1990) ("The indictment in the case at bar clearly fails to allege any commonality between the first two [drug] counts and Count III [firearm count]. . . . No effort is made in the indictment even to suggest that the offenses . . . are part of the same transaction or parts of a common scheme."). Restricting the inquiry to the superceding indictment, the Court concludes that the allegations are sufficient to satisfy Rule 8(a). See United States v. VonWillie, 59 F.3d 922, 929 (9th Cir. 1995) ("VonWillie's indictment charges him in count 1 with possessing the same three weapons that he is charged in count 2 with using in relation to a drug trafficking crime. . . . This is sufficient to satisfy Rule 8(a)."); see also United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir. 1971) ("The availability of Rule 14 as a remedy for prejudice that may develop during the trial permits Rule 8 to be broadly construed in favor of initial joinder, both of offenses and of defendants.").

### 2.   Rule 8(b)

Rule 8(b) governs joinder in cases involving multiple defendants, and provides:

ORDER DENYING DEFENDANT
OFFORD'S MOTION TO SEVER

-2-

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in <u>the same series of acts or transactions, constituting an offense or offenses</u>. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

(Emphasis added). "[W]hen multiple defendants are involved, joinder is improper unless all offenses arise out of the same series of acts or transactions." <u>United States v. Martin</u>, 567 F.2d 849, 853 (9th Cir. 1977). In examining whether two or more offenses are part of the same series of acts or transactions, the Ninth Circuit "looks for a 'logical relationship' between the offenses." <u>United States v. Sarkisian</u>, 197 F.3d 966, 975 (9th Cir. 1999). A logical relationship may be established by the existence of a "common plan, scheme, or conspiracy," or where "the common activity constitutes a substantial portion of the proof of the joined charges." <u>Id.</u> at 975-96 (quoting <u>United States v. Ford</u>, 632 F.2d 1354, 1372 (9th Cir. 1980), and <u>United States v. Vasquez-Velasco</u>, 15 F.3d 833, 844 (9th Cir. 1994)). However, "[m]ere factual similarity of events will not suffice." <u>Sarkisian</u>, 197 F.3d at 976 (quoting <u>Ford</u>, 632 F.2d at 1372).

Against this standard, "[r]ule 8(b) should be construed broadly in favor of initial joinder." <u>Ford</u>, 632 F.2d at 1373. "The goal of maximum trial convenience consistent with minimum prejudice is best served by permitting initial joinder of charges against multiple defendants whenever the common activity constitutes a substantial portion of the proof of the joined charges." <u>Vasquez-Velasco</u>, 15 F.3d at 844 (quotation marks and citations omitted). Notably, "[t]here is a preference in the federal system for joint trials of defendants who are indicted together" because "[t]hey promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts.'" <u>Zafrio v. United States</u>, 506 U.S. 534, 537 (1993) (quoting <u>Richardson v. Marsh</u>, 481 U.S. 200, 209 (1987)).

In his motion, defendant contests the alleged commonality between the drug conspiracy charged in count 1 and the felon in possession charges. <u>See</u> Motion at 2. Construing Rule 8(b) broadly in favor of joinder, the Court concludes that the government has sufficiently alleged that

ORDER DENYING DEFENDANT
OFFORD'S MOTION TO SEVER

the drug conspiracy alleged in count 1 and the weapons charges were part of a "common plan, scheme, or conspiracy" carried out by defendants, and the common activity of the conspiracy in count 1 constitutes a substantial portion of the proof of the joined weapons charges. First, looking to the face of the superceding indictment, not only did the grand jury charge that count 18 was committed during and in furtherance of the drug conspiracy, but all of the weapons counts against the co-defendants were also charged as being committed during and in furtherance of the conspiracy. See Dkt. #138 at counts 15, 16, 21-23, 27-29, 34, 38, 39. Second, based on the limited record before the Court,[1] it appears that the common activity charged in count 1 will constitute a substantial portion of the weapons charges, at least with respect to count 18. As the government explains in its response, the confidential informant was allegedly present at Extreme Auto Detail on February 28, 2008 to pick up additional cocaine. See Response at 2. On the same day, and after the cocaine transaction, defendant Offord allegedly approached the informant and offered to sell him the Kel-Tec 9mm, which is the subject of count 18. Id. Significantly, defendant Offord allegedly had also approached the informant on the same day as a previous controlled cocaine transaction on February 20, 2008 at the detail shop. Id. For these reasons, the Court concludes that there is a logical relationship between the drug and weapons offenses, and Rule 8(b)'s requirement that the offenses arise from the "same series of acts or transactions" is satisfied. Sarkisian, 197 F.3d at 975.

---

[1] In Jawara, a case discussing Rule 8(a) joinder, the Ninth Circuit held that "the established rule in this circuit is that a valid basis for joinder should be discernable from the face of the indictment." 474 F.3d at 573. However, in footnote in an earlier Rule 8(b) case, the Ninth Circuit rejected an argument that the propriety of joinder under Rule 8(b) is to be based only on the face of the indictment. See Vasquez-Velasco, 15 F.3d at 844 n.8 (stating "[w]e have held that the plan or conspiracy need not be charged on the face of the indictment"). Although the Court concludes that the allegations on the face of the indictment alone satisfy Rule 8(b) in this case, at this early stage of the proceeding, the Court also looks to the assertions made in the government's response in the interest of a full review.

ORDER DENYING DEFENDANT
OFFORD'S MOTION TO SEVER

**B.      Severance**

"Rule 14 recognizes that joinder, even when proper under Rule 8(b), may prejudice either a defendant or the Government."  <u>Zafiro</u>, 506 U.S. at 538.  Thus, in addition to moving for misjoinder under Rule 8, defendant also moves to sever under Rule 14(a), which states:  "If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Defendant contends that he will be prejudiced by joinder of count 1 with the weapons-related counts because defendant's "alleged past and contemporaneous history with guns and alleged proclivity of other defendants towards guns may be used by the jury to think him guilty [sic] of, and convict him of [the] more serious drug conspiracy charge."  Motion at 7-8.  Defendant also argues that any judicial economy fostered by a joint trial will be outweighed by the unfair "spillover" prejudice of defendant being viewed as more dangerous by the jury because "six other defendants are alleged felons with guns."  <u>See</u> Motion at 9.

"[W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."  <u>Zafrio</u>, 506 U.S. at 539; 1A C. Wright, <u>Federal Practice and Procedure</u> § 223 (rev. 3d ed. Supp. 2008) ("The burden is on the defendant to make a strong showing of prejudice to obtain the relief permitted by Rule 14.").  At this preliminary stage of the case, defendant Offord has not shown there is a serious risk that a specific right will be compromised by a joint trial.  In support of his motion, defendant offers generalizations and speculation about the risk of prejudice should counts 1 and 18 and the co-defendants be tried together, and implicitly acknowledges that the Rule 14 motion is premature by providing a list of "anticipatory" bases for severance.  <u>See</u> Motion at 7-8; 10 (recognizing that "[i]t is <u>unclear at</u>

ORDER DENYING DEFENDANT
OFFORD'S MOTION TO SEVER

1 this time whether any co-defendant who asserts his Fifth Amendment right to silence in a joined
2 trial has exculpatory evidence that would favor this defendant" and moving to sever "because of
3 the possibility that one or more co-defendants may present mutually exclusive and antagonistic
4 defenses.") (emphasis added).  With respect to defendant's "spillover" concern, a "defendant
5 seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant
6 must also demonstrate the insufficiency of limiting instructions given by the judge." United
7 States v. Hanley, 190 F.3d 1017, 1027 (9th Cir. 1999) (quotation marks and citation omitted).
8 Defendant has not demonstrated why the risk of prejudice cannot be cured by a proper
9 instruction.

10  The Court, however, is mindful of both defendant's and the government's concern about
11 the risk of prejudice to defendant Offord if both counts 1 and 18 are tried together.  For this
12 reason, the government proposes bifurcation of the trial on these counts as an alternative remedy
13 to severance.  See Response at 7 (conceding "bifurcation is appropriate.").  The Court defers
14 ruling on the decision to bifurcate or other alternative remedies to severance under Rule 14 like
15 limiting instructions that are within the Court's discretion.  The Court will revisit this issue as
16 the case develops and once it becomes clear to what extent defendant Offord's "anticipatory"
17 reasons for severance materialize.

### III. CONCLUSION

19  For all of the foregoing reasons, defendant Orford's "Motion for Severance" (Dkt. #201)
20 is DENIED.

21  DATED this 29th day of May, 2008.

        *[signature]*
        Robert S. Lasnik
        United States District Judge

ORDER DENYING DEFENDANT
OFFORD'S MOTION TO SEVER                   -6-